THURMAN SEXTON v. THE STATE.

No. 3082. Decided June 24, 1905.

**1.—Fraudulent Disposition of Property—Evidence—Credibility of Witness.**

On a trial of defendant for disposing of two mules with the intent to defraud after he had obtained them under a contract of hiring, it was permissible on cross-examination of his witness to show that she had lived in adultery with him and knew that defendant's wife was living; for the purpose of showing her motive and bias in his favor and to attack her credibility as a witness.

**2.—Same—Evidence—Occupation of Witness.**

Where on trial for felony the State interrogated the defendant's witness what he had been doing three or four years prior to that time, and required the witness to detail the business he had been following for the past three or four years, and the bill failed to state what business the witness followed, or that defendant's rights were injured, there was no error.

**3.—Same—Evidence—Credibility of Witness—Moral Turpitude.**

On a trial for felony it was permissible to show upon cross-examination of defendant that he had been indicted for adultery two or three times in the county of the trial; to assail his credibility as a witness.

**4.—Same—Evidence—Time of Commission of Offense.**

On a trial for fraudulently disposing of property, it was permissible to show that the defendant was drinking at a certain time and place, to identify a particular time referred to by the witness and to show why the witness remembered that on that occasion nothing was said about selling the mules in question, defendant having already admitted that he got whisky and became intoxicated at said time and place.

Vol. 48 Crim.—32.

**5.—Same—Evidence—Newly Discovered Evidence—Motion for New Trial.**

    See opinion for facts set out in an affidavit attached to motion for a new trial which are held not to set up newly discovered evidence.

    Appeal from the District Court of Comanche.    Tried below before Hon. N. R. Lindsey.

    Appeal from a conviction for fraudulently disposing of property on a contract of hire; penalty, two years imprisonment in the penitentiary.

    The opinion states the case.

    No brief of either party has reached the hands of the Reporter.

    *Howard Martin,* Assistant Attorney-General, for the State.

    DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for disposing of two mules, with the intent to defraud, after he had obtained them under a contract of hiring.

    Nellie Carnes was a witness for appellant. On cross-examination, she was permitted to testify, "that she had lived in adultery with defendant for five or six years." Exception was reserved. The bill is signed with the qualification, "that the testimony was offered to show the relation witness bore to defendant, to show her motive and bias in his favor." While the same witness was further testifying, on cross-examination, she was asked, if she did not know defendant had a living wife and child while she was living with him in adultery. She answered, "Yes. I did not exactly know it, but I heard it and believed it." Exception was reserved to this testimony. The bill is explained by the court: "That the evidence was offered and admitted for the purpose of showing the close and intimate relationship between defendant and witness, and to show her natural bias as a witness, and her close attachment to and affection for defendant, as touching her credibility as a witness." The same witness was also asked, if she had not visited defendant in jail. This was admitted, as stated by the court, to show her motive and bias in the case; her attachment for defendant, and as touching her credibility as a witness. We are of opinion that, as explained by the court, this testimony was all admissible; and we think it was relevant, for the purpose of showing her bias and friendship and close relationship to appellant, and her interest in testifying in his behalf, and consequently as touching her credibility.

    The district attorney asked Chapman (witness for defendant) what he had been doing three or four years prior to this time. The bill recites: "That the witness was required to detail on the witness stand all the occupations and businesses which he had been following for the past three or four years. All of which was admitted, over the objection of defendant on the ground that it was immaterial and not pertinent to any issue, and the answers were calculated to prejudice the minds of the jury." As the matter is presented in this bill there is no error. What occupations or business callings the witness pursued

is not stated, nor is it perceived from the recitation how it could have in any way injured him.

Appellant testified in his own behalf, and on cross-examination was asked, if he had not been indicted for adultery two or three times in the county of the trial. To which he answered, "Yes." Exception was reserved to this on several grounds, stated in the bill. This was admitted, as stated by the court in his qualification to the bill, "because it showed the offense involved moral turpitude, and for the purpose only of affecting his credibility as a witness, and was so limited in the charge." This character of evidence has been held admissible.

Green was permitted to testify for the State that defendant was drinking the night he was at his (witness') house. Objection was urged because it was immaterial; did not sustain any allegation in the indictment, and was asked for the purpose of prejudicing the mind of the jury against appellant. The court says: "This evidence was admitted to identify the particular time that witness referred to, and to show why he remembered that on that occasion nothing was said about selling the mules to Sexton by Carnes. Defendant having already testified that he had gotten whisky in Dublin on the day he went to Green's, and that he had gotten drunk and spent Lee's money. Witness identifying that occasion as being the time defendant was at his house, and that on that occasion he did not hear anything said about the mule trade." With this explanation, this testimony, we think was admissible.

Attached to the motion for new trial is the affiadvit of Cal Williams, which appellant alleges is newly discovered testimony. That affidavit is, as follows: "That on or about the month of last June, 1904, Dow Carnes said in my presence, that he had sold to Thurman Sexton, one mule, and the time Dow Carnes told me he had sold one mule to Thurman Sexton, he (Thurman Sexton) was then present working two old mules. At that time Dave Carnes was trying to trade a horse to Sexton for one of his mules. Myself and Dave Carnes came to where Dow Carnes was at work, and Dave Carnes told Dow Carnes that he could not trade the horse to Thurman Sexton for the mule." This is not newly discovered evidence, because it shows appellant was present at the time the alleged owner should have made the remarks imputed to him; that is, that he sold the mule to Thurman Sexton. Sexton was present and heard this, it was not newly discovered. But even if it was newly discovered, we do not believe it is of sufficient importance to require a reversal. The question as to whether or not Dow Carnes had sold the mules to Sexton, or had hired them to him, constituted the main issues upon which the whole case was fought, and was thoroughly ventilated on both sides, there being quite a mass of testimony introduced on both sides. This was a case in which the jury could take either side, and the testimony would justify them in coming to the conclusion that the mules were hired to appellant and subsequently converted by him; or that he bought them

from Dow Carnes, as he claims he did. The testimony is in direct contradiction. The jury have settled the issue adversely to appellant; and there is sufficient evidence to justify them in finding the verdict they did. Finding no error in the record, the judgment is affirmed.

*Affirmed.*