SAM BOGUE v. STATE.

No. 2381. Decided March 26, 1913.

Rehearing denied April 23, 1913.

1.—Murder—Sufficiency of the Evidence—Manslaughter.

Where, upon trial of murder and a conviction of manslaughter, the evidence supported even a higher grade of the offense, while defendant's testimony showed justifiable homicide, the conviction is sustained.

2.—Same—Evidence—Motive—Remarks by Judge.

Where, upon trial of murder, it appeared that all the testimony admitted was necessary to render intelligible that part of it as to what defendant said about killing deceased, there was no error, and the remark of the court when the objection thereto was made could not have been hurtful to the defendant.

**3.—Same—Evidence—Husband and Wife—Cross-Examination—Moral Turpitude.**

Where defendant's wife had been introduced as a witness to testify to material facts in behalf of her husband, the defendant, there was no error in permitting the State to prove by her that she had been convicted of the offense of keeping a disorderly house, which was an offense involving moral turpitude.

**4.—Same—Evidence—Immaterial Matter.**

Upon trial of murder, there was no error in excluding testimony that the State's witness had a pistol on the day prior to the homicide.

**5.—Same—Evidence—Trespasser.**

Upon trial of murder, there was no error in permitting the State's witness to testify that he heard defendant say two days prior to the homicide that he had authorized deceased and others to pick the cotton in dispute, to show he was not a trespasser.

**6.—Same—Argument of Counsel.**

In the absence of a bill of exceptions or a requested charge, complaints as to arguments of counsel cannot be considered on appeal.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence, under a proper charge of the court, sustained the conviction, there was no error.

Appeal from the District Court of Van Zandt. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The following statement by the Assistant Attorney-General is substantially correct: The theory of the State, as shown by the statement of facts, is that appellant was the son-in-law of L. J. Kinard, deceased, and that he (appellant) had executed a note payable to his father, R. E. Bogue, and that L. J. Kinard, deceased, and John Goode were his sureties on this note; that the father, R. E. Bogue, was threatening suit against appellant and his sureties, and for the purpose of paying this note the said John Goode and deceased, L. J. Kinard, had procured the consent of appellant to enter upon his premises and gather cotton enough from his field to pay said note; that after consenting that Goode and Kinard should so enter and gather said cotton the father, R. E. Bogue, persuaded appellant not to permit the parties to gather his cotton, and there is some evidence of the State tending to show that R. E. Bogue sent for appellant on the morning of the killing, furnished him with a gun and was an accomplice to the killing. The State's theory is further that appellant fired the first shot and at a time when deceased was not making any demonstration to injure appellant. Appellant offers no testimony disputing the right of deceased and Goode to be in the cotton patch, but he does offer testimony tending strongly to show that deceased fired two shots at him before he shot and killed deceased.

*T. R. Yantis* and *Wynne, Wynne & Gilmore*, for appellant. On question of permitting State on cross-examination of defendant's wife

to show that she had been convicted for running a disorderly house: Johnson v. State, 28 Texas Crim. App., 17; Jones v. State, 38 Texas Crim. Rep., 87; Gaines v. State, 38 id., 202.

On question of argument of counsel: Thompson v. State, 43 Texas, 268; Hatch v. State, 8 Texas Crim. App., 416; Clark v. State, 23 id., 260; Stone v. State, 22 id., 185; Sterling v. State, 15 id., 249; Ricks v. State, 19 id., 308.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant, when tried, was convicted of manslaughter, and his punishment assessed at four years confinement in the penitentiary.

Without detailing the testimony it is sufficient to say that the testimony offered in behalf of the State would support a verdict for even a higher grade of the offense—while the testimony offered in behalf of appellant would show that he was justifiable in slaying his father-in-law, L. J. Kinard. Under such circumstances, we merely review the record to see if the court committed any error in the trial of the case.

The first bill complains of the testimony of John Goode in certain respects. This witness testified that shortly before the trial he had a conversation with appellant which is detailed as follows: "I had a talk since that with defendant down at Dennis Easley's cow pen, I think probably the latter part of April or it might have been in May, I would not be positive as to the date. That conversation started about this note that I was on and he paying of that note, which has not been paid up to this time. Old man Bogue was suing me on it at that time, he told me, on this same note. I was asking Sam was he going to let me pay that note, and he said, 'No, I have done made settlement with old Dick on that.' Old Dick was his daddy. He said 'He promised if I would kill Kinard to give me that note and pay all the costs in the case, and the old son-of-a-bitch now wants me to pay the lawyer fees, and I will kill him before I will do it.' (That was 'Old Dick.')" Appellant objected to that part of the statement about old man Bogue suing him on the note. When we read the entire statement, it is seen that all of it was clearly admissible to render intelligible that part relating to the reason that witness said appellant gave as a reason why he killed deceased, that is, his father had agreed not to collect the note if he would kill Kinard. And the remark of the court, when the objection was made, could not have been hurtful to defendant and was not upon the weight to be given the testimony.

It was permissible for the State to prove by the wife of defendant that she had been convicted of the offense of running a disorderly house. She had been introduced to prove material facts in behalf of the defendant, and this testimony was admissible as affecting her credit as a witness. The offense was one involving moral turpitude.

It was immaterial whether or not the witness John Goode had a pistol on the day prior to the homicide, and he could not be impeached on this immaterial matter, therefore, the court did not err in excluding the testimony of the witness Seals and Loper on this issue.

As to the question of whether or not deceased was a trespasser on the premises of appellant, the court did not err in permitting the witness Martin to testify that he heard appellant two days prior to the homicide state that he had authorized deceased and others to pick this cotton, and apply it to the payment of debt of appellant for which they were bound as sureties.

The complaints in the motion for new trial in regard to the argument of the prosecuting officer cannot be considered, as they are not verified by any bills of exception, nor were there any special charges requested in regard thereto.

The charge of the court was a fair presentation of every issue in the case. The evidence offered in behalf of the State amply supports the verdict, and there is no matter in the motion for a new trial which could or should call for a reversal of the case.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 23, 1913.—Reporter.]