J. B. LeGois v. The State.

No. 5052.   Decided May 29, 1918.

Rehearing denied June 26, 1918.

1.—Selling Intoxicating Liquors—Restricted District—City Ordinance—
Indictment.

Where, upon trial of selling intoxicating liquors outside of the district in the City of Wichita Falls, wherein intoxicating liquors could be legally sold, the indictment followed approved precedent, the same was sufficient, and the law under which it was found was valid.   Following Ex parte Levine, 46 Texas Crim. Rep., 364, and other cases.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully selling intoxicating liquors outside of the district where such liquors could be sold in the city, the evidence sustained the conviction, there was no reversible error.

3.—Same—Witness—Moral Turpitude.

Where, upon trial of selling intoxicating liquors in violation of the city ordinance, restricting such sales to certain districts, the State was permitted to introduce testimony impeaching the witness for the defendant by showing that said witness had been convicted as a common prostitute, there was no reversible error.   Following Sexton v. State, 48 Texas Crim. Rep., 497, and other cases.

Appeal from the District Court of Wichita.   Tried below before the Hon. William N. Bonner.

Appeal from a conviction of selling intoxicating liquors outside of the restricted district; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*W. T. Carlton,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted for unlawfully selling intoxicating liquors in the City of Wichita Falls, Texas, outside of the district in said city wherein intoxicating liquors could be legally sold, under the Act of March 12, 1913, page 32; 1 Branch's Ann. P. C., sec. 1262, and assessed the lowest punishment.

The indictment was in strict accordance with the law and properly charged appellant with the offense prescribed thereby and the law and indictment is valid.   Art. 11, sec. 5, adopted in 1912; Act of April 7, 1913, p. 307; LeGois v. State, 190 S. W. Rep., 724; Ex parte Levine, 46 Texas Crim. Rep., 364; Garonzik v. State, 50 Texas Crim. Rep., 533; Williams v. State, 52 Texas Crim. Rep., 371; Cohen v. Rice, 101 S. W. Rep., 1052; Ex parte Abrams, 56 Texas Crim. Rep., 465.

It is shown herein that the City of Wichita Falls, in accordance with said law and Constitution, prescribed the limits wherein sales could be legally made and wherein they could not be legally made, and the evidence was sufficient to show that appellant illegally sold, as charged in

the indictment, intoxicating liquors outside of the limits where such sales could be legally made.

The evidence showing the illegal sale as alleged tended to develop that the house of appellant's wherein the sale was made was a place where lewd women congregated and drank beer, which would make it a disorderly house. The district attorney in arguing the case said to the jury the evidence shows that "Joe LeGois is running a disorderly house, a place where you can take lewd women and drink beer." Appellant asked a special charge to disregard this argument of the district attorney. The court refused to give the charge. The bill presenting this matter does not state under what circumstances, nor the surroundings the language was used and does not show reversible error. Even if it had been improper the jury assessed the lowest punishment, hence no injury to appellant is shown.

Appellant introduced a woman who testified for him under the name of Mrs. Billie Marcus. She swore that her name was Mrs. Ford Wallace, and she sometimes went under the name of Mrs. Sonora Wallace, but that her name was not Susie Wallace. She also testified that about the first of October she had been arrested and put in jail and fined for something, she claimed to not know for what, and that Mrs. LeGois paid the fine for her. In effect, she denied that on that occasion she was prosecuted and convicted of being a common prostitute. For the purpose of impeaching her, the State introduced the sheriff, who testified in substance that on said occasion she was arrested charged with vagrancy, with being a common prostitute under the name of Susie Wallace. The State, over his objections, was then permitted to introduce a copy of the judgment of the justice of the peace in the said case against her under the name of Susie Wallace wherein it showed she had been arrested and charged with being a common prostitute and an order entered adjudging her guilty and stating that the fine and costs were paid. It has always been held in this State that any witness may be impeached by proving that he had been indicted or convicted for a misdemeanor imputing moral turpitude. See Branch's Crim. Law, section 167, where a great many cases are collated. The conviction of a woman for being a common prostitute certainly is an offense imputing moral turpitude. Sexton v. State, 48 Texas Crim. Rep., 497; Bird v. State, 66 Texas Crim. Rep., 617; Bogue v. State, 155 S. W. Rep., 943; 5 Words & Phrases, p. 480. Hence the State had the right to impeach her as it did.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 26, 1918.

PRENDERGAST, Judge.—The showing made by appellant would justify the court to permit him to file his motion for rehearing at this time and it is so ordered.

It has been duly considered upon its merits. Nothing is therein presented except what was fully considered and correctly decided against him in the original opinion.

The motion for rehearing is therefore overruled.

*Overruled.*