(Court of Criminal Appeals of Texas.  April 10, 1918.  On Motion for Rehearing, June 5, 1918.  Rehearing Denied June 28, 1918.)

1. BAIL ⟊66—FORM—APPEAL—DISMISSAL.
   In a misdemeanor case where the recognizance fails to name the offense for which conviction was had, as specified in the form shown in Vernon's Ann. Code Cr. Proc. 1916, art. 903, or state the penalty assessed, the appeal may be dismissed upon motion therefor.

On Motion for Rehearing.

2. ASSAULT AND BATTERY ⟊100—AGGRAVATED ASSAULT—EXCESSIVE PUNISHMENT.
   Where defendant pleaded guilty to an aggravated assault, and the evidence shows he stabbed the person named in the breast with a pocketknife striking a rib, and the record discloses no extenuating circumstances except that defendant is aged, punishment by a $200 fine and 60 days in the county jail as assessed by the jury will not be set aside as excessive.

Appeal from Criminal District Court, Williamson County; James R. Hamilton, Judge.

W. M. Joseph was convicted of aggravated assault, and appeals. Affirmed.

J. F. Taulbee, of Georgetown, for appellant.  E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J.  [1] This is a misdemeanor case in which the recognizance fails to name the offense for which the conviction was had, or state the penalty assessed. The motion to dismiss, filed by the state, is based upon this defect. This motion, under the decisions of this state, must be sustained. Article 903, C. C. P.; White v. State, 68 Tex. Cr. R. 147, 151 S. W. 826; Watson v. State, 62 Tex. Cr. R. 620, 138 S. W. 611.

The appeal is dismissed.

PRENDERGAST, J., absent.

On Motion for Rehearing.

Appellant was indicted for assault with intent to murder, pleaded guilty to the offense of aggravated assault, and his punishment assessed by a jury at a fine of $200 and confinement in the county jail for 60 days.

[2] There is no complaint of the manner of the trial, but the appeal is based upon the theory that the punishment is excessive. The evidence shows that appellant inflicted a wound upon the injured party named in the indictment by stabbing or cutting with a pocketknife. The evidence is quite meager as to the character of the knife and the character of the wound. It does appear, however, that with a pocketknife he stabbed the party named in the breast near the nipple inflicting a wound about the eighth of an inch in length, striking the sixth rib on the left side of the body, ranging upward. The record discloses no extenuating circumstances except that the appellant is an aged man, and we fail to find the record in condition to authorize this court to disturb the verdict.

The order heretofore entered dismissing the appeal is set aside in response to the motion for rehearing, and the judgment of the lower court is affirmed.

---

### LE GOIS v. STATE.   (No. 5052.)

(Court of Criminal Appeals of Texas.  May 29, 1918.  On Motion for Rehearing, June 26, 1918.)

1. CRIMINAL LAW ⟊1173(3) — REVIEW — HARMLESS ERROR.
   In a prosecution for unlawfully selling intoxicating liquor, where the district attorney made a remark that the evidence showed that defendant was "running a disorderly house, a place where you could take lewd women and drink beer," refusal to instruct the jury to disregard the argument, if error, held harmless, where jury assessed the lowest punishment.

2. WITNESSES ⟊345(4) — IMPEACHMENT OF WITNESSES.
   In a prosecution for unlawfully selling intoxicating liquor, where one of defendant's witnesses testified that she had once been arrested and fined, but did not know for what, the introduction in evidence of the judgment in the case against her showing a conviction for being a common prostitute was admissible in impeachment; such offense imputing moral turpitude.

Appeal from District Court, Wichita County; Wm. N. Bonner, Judge.

J. B. Le Gois was convicted of unlawfully selling intoxicating liquor, and he appeals. Affirmed, and motion for rehearing overruled.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J.  Appellant was convicted for unlawfully selling intoxicating liquors in the city of Wichita Falls, Tex., outside of the district in said city wherein intoxicating liquors could be legally sold, under the act of March 12, 1913, p. 32 (1 Branch's An. P. C. § 1262), and assessed the lowest punishment.

The indictment was in strict accordance with the law and properly charged appellant with the offense prescribed thereby and the law, and indictment is valid. Article 11, § 5, adopted in 1912; Act of April 7, 1913, p. 307 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a–1096i); Le Gois v. State, 190 S. W. 724; Ex parte Levine, 46 Tex. Cr. R. 368, 81 S. W. 1206; Garonzik v. State, 50 Tex. Cr.

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. 535, 100 S. W. 374; Williams v. State, 52 Tex. Cr. R. 374, 107 S. W. 1121; Cohen v. Rice, 101 S. W. 1052; Ex parte Abrams, 56 Tex. Cr. R. 465, 120 S. W. 883, 18 Ann. Cas. 45.

It is shown herein that the city of Wichita Falls, in accordance with said law and Constitution prescribed the limits wherein sales could be legally made and wherein they could not be legally made, and the evidence was sufficient to show that appellant illegally sold, as charged in the indictment, intoxicating liquors outside of the limits where such sales could be legally made.

[1] The evidence showing the illegal sale as alleged tended to develop that the house of appellant wherein the sale was made was a place where lewd women congregated and drank beer, which would make it a disorderly house. The district attorney in arguing the case said to the jury the evidence shows that "Joe Le Gois is running a disorderly house, a place where you can take lewd women and drink beer." Appellant asked a special charge to disregard this argument of the district attorney. The court refused to give the charge. The bill presenting this matter does not state under what circumstances nor the surroundings the language was used and does not show reversible error. Even if it had been improper, the jury assessed the lowest punishment; hence no injury to appellant is shown.

[2] Appellant introduced a woman who testified for him under the name of Mrs. Billie Mracus. She swore that her name was Mrs. Ford Wallace, and she sometimes went under the name of Mrs. Sonora Wallace, but that her name was not Susie Wallace. She also testified that about the first of October she had been arrested and put in jail and fined for something, she claimed to not know for what, and that Mrs. Le Gois paid the fine for her. In effect, she denied that on that occasion she was prosecuted and convicted of being a common prostitute. For the purpose of impeaching her, the state introduced the sheriff, who testified in substance that on said occasion she was arrested charged with vagrancy, with being a common prostitute under the name of Susie Wallace. The state, over his objections, was then permitted to introduce a copy of the judgment of the justice of the peace in the said case against her under the name of Susie Wallace, wherein it showed she had been arrested and charged with being a common prostitute and an order entered adjudging her guilty and stating that the fine and costs were paid. It has always been held in this state that any witness may be impeached by proving that he had been indicted or convicted for a misdemeanor imputing moral turpitude. See Branch's Crim. Law, § 167, where a great many cases are collated. The conviction of a woman for being a common prostitute certainly is an of-

fense imputing moral turpitude. Sexton v. State, 48 Tex. Cr. R. 499, 88 S. W. 348; Bird v. State, 66 Tex. Cr. R. 614, 148 S. W. 738; Bogue v. State, 69 Tex. Cr. R. 656, 155 S. W. 943; 5 Words and Phrases, p. 480. Hence the state had the right to impeach her as it did.

The judgment is affirmed.

### On Motion for Rehearing.

The showing made by appellant would justify the court to permit him to file his motion for rehearing at this time, and it is so ordered.

It has been duly considered upon its merits. Nothing is therein presented except what was fully considered and correctly decided against him in the original opinion.

The motion for rehearing is therefore overruled.