EARLY MORRISON v. THE STATE.

No. 5334.  Decided March 5, 1919.

**1.—Wife Desertion—Sufficiency of the Evidence.**

Where, upon trial of willful desertion of wife and children, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Evidence—Moral Turpitude—Adultery.**

Upon trial of wife and child desertion, there was no error in permitting, on cross-examination of defendant, the State to show that defendant was arrested for adultery, as this was a misdemeanor involving moral turpitude. Following Sexton v. State, 48 Texas Crim. Rep., 497.

**3.—Same—Argument of Counsel.**

Where the argument of State's counsel was confined to the facts in the case, there was no reversible error, besides, there was no request for its withdrawal.

Appeal from the County Court of Tarrant. Tried below before the Hon. Hugh L. Small, judge.

Appeal from a conviction of wife and child desertion; penalty, a fine of $100, and six months confinement in the county jail.

The opinion states the case.

*Mays & Mays,* for appellant.—On question of other offense: Bowman v. State, 70 Texas Crim. Rep., 22, 155 S. W. Rep., 939; Poulter v. State, 72 Texas Crim. Rep., 140, 161 S. W. Rep., 475; Ransome v. State, 73 Texas Crim. Rep., 442, 165 S. W. Rep., 932.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited cases in the opinion.

MORROW, JUDGE.—The conviction is for unlawfully, wilfully and without just cause deserting, refusing and neglecting to provide for the support and maintenance of the wife and children of appellant.

He had a wife and four children, one sixteen, one eleven, one nine, and one six years of age. The evidence showed failure to support them. On cross-examination of the wife, the appellant proved by her that she had told him that she did not love him and did not want to live with him and was willing for him to have a divorce. She testified on re-direct examination that he had sued for divorce because she had charged him with being untrue; that the reason "I thought that was because he boarded with this woman and stayed there with her. He was not living with me at the time." There was evidence that the appellant's wife and children received aid of charitable institutions and that their circumstances were such as to require it. Members of the associations testified that they had visited the family; that they had found the children on a cold day wearing slippers with holes in them; that they bore the appearance of being in destitute circumstances and claimed to be. The wife took in washing and the members of the family were described as being hungry on several occasions.

Appellant testified on direct examination that he had filed suit for divorce; that his wife fussed, cursed him, and told him she did not love him. On cross-examination he said that she had accused him of improper relations with a certain woman; that he had been arrested for adultery with the woman mentioned; that his wife caused the complaint to be made against him. The cross-examination concerning the charge of adultery was objected to as within the rule inhibiting the proof of other independent offenses not involving moral turpitude.

We are of opinion that the record does not sustain this contention. Adultery being misdemeanor involving moral turpitude proof of prosecution therefore was admissible on cross-examination to affect the credibility of the appellant as a witness. Sexton v. State, 48 Texas Crim. Rep., 498.

Nor do we think that the remarks of the prosecuting attorney referring to the appellant as living in adultery with another woman while his children were at home barefooted and cold, transcends the limitations upon a legitimate argument. The appellant did not

deny in his testimony that he was living in adultery as charged by his wife and there were circumstances proved which would at least be the proper basis for an argument drawing that inference. There was also testimony touching his failure to provide for his children, such, we think, as would not characterize the argument referring to them as barefooted and cold as one so obviously harmful as to require a reversal in the absence of a request for its withdrawal by special charge.

The judgment is affirmed.

*Affirmed.*