LENA WELLS DOSSETT v. THE STATE.

No. 7479. Decided April 4, 1923.

1.—Selling Intoxicating Liquor—Defendant as a Witness—Moral Turpitude.

Where appellant was a witness on her own behalf, it was proper to allow the State to prove by her, on cross-examination, that she had been convicted of the offense of the unlawful possession of intoxicating liquor, and also of conducting a bawdy-house.

2.—Same—Jury and Jury Law—Practice on Appeal.

Where defendant objected to the whole panel of the jury because they belonged to the Ku Klux Klan but did not call upon the court to require them to answer, and it was not shown that any objectionable juror was forced upon defendant, there was no reversible error.

3.—Same—Argument of Counsel.

Where, upon objection of counsel to the argument of State's counsel the same was withdrawn and was moreover in reply to counsel there is no reversible error.

Appeal from the District Court of Milam. Tried below before the Hon. John Watson.

Appeal from a conviction of selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

94 T. C.—10

*B. P. Matocha,* for the appellant.—On question of moral turpitude; Roquemore v. State, 129 S. W. Rep., 1123; Wilkerson v. State, 131 id., 1111.

*R. G. Storey,* Assistant Attorney General.—Cited MacIntosh v. State, 239 S. W. Rep., 622.

MORROW, PRESIDING JUDGE.—The offense is the unlawful selling of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The testimony of the witness Camp is definite to the effect that he went to the house occupied by appellant and purchased from her several drinks of whisky for each of which he paid one dollar; also that he also purchased from her a half-pint bottle of whisky which he delivered to the sheriff. This bottle of whisky was identified upon the trial by both the sheriff and the witness. The appellant and the witness introduced by her, who were present at the time of the alleged transaction, denied the sale of the whisky and declared that the prosecuting witness Camp was drunk and that the purchases made by him were of Coca-Cola.

The issues of fact as presented were submitted to the jury under instructions of which there is no complaint made.

The appellant being a witness in her own behalf, there was no impropriety in allowing the State to prove by her that she had been convicted of the offense of the unlawful possession of intoxicating liquor. This being a felony, proof of it for the purpose of affecting the credibility of the witness was allowable and for that purpose was provable on cross-examination by her oral testimony. Numerous authorities to this effect are found in Branch's Ann. Tex. Penal Code, Sec. 167, to which we refer.

It was also permissible to prove by her on cross-examination that she had been convicted of the offense of conducting a bawdy house; that being a misdemeanor and imputing moral turpitude. See Branch's Ann. Tex. P. C., Sec. 169; Bosque v. State, 69 Texas Crim. Rep. 656; Bird v. State, 66 Texas Crim. Rep., 611, 148 S. W. Rep. 738; Wood v. State, 84 Texas Crim. Rep., 187, 206 S. W. Rep., 349; Morrison v. State, 85 Texas Crim. Rep. 20, 209 S. W. Rep. 742.

The jurymen in the panel were asked by the appellant if they belonged to the Ku Klux Klan. Three of them made no reply to this question. The appellant requested the court privately to excuse the jurors for cause. The parties had not stated that they belonged to the organization mentioned, nor had the court been called upon to require them to do so. They were excused by appellant upon peremptory challenge. No objectionable juror was shown to have been taken or to have been forced upon the appellant. The bill revealing these facts shows no error.

The argument of counsel for the State is complained of. The court prepared his own bill from which it appears that such remarks as were made by the counsel were proper replies to the argument of appellant's counsel and were withdrawn from the consideration of the jury by the court. Whether the argument was such as would have required the withdrawal under the circumstances is questionable, but manifestly having been withdrawn, no injury was done to the appellant.

The judgment is affirmed.

*Affirmed.*