### Jack Stillwell v. The State.

No. 11177.   Delivered December 14, 1927.

Rehearing denied April 11, 1928.

1.—Manslaughter — Challenge of Juror — Peremptory Challenges — Rule Stated.

Where appellant on a trial for manslaughter complains that a juror challenged for cause was forced on him, and it appears from his bill that the court had permitted him to use seventeen peremptory challenges, and his bill fails to show that his peremptory challenges were exhausted, no error is shown by said bill.

2.—Same—Continued.

Where the bill of exceptions fail to show that defendant exhausted his peremptory challenges the alleged error in overruling his challenge to an objectionable juror cannot be revised on appeal.   See Tuttle v. State, 6 Tex. Crim. App. 560, and Branch's P. C., p. 278.

3.—Same—Charge of Court—On Defensive Issue—Not Raised by Evidence—No Error.

Where appellant complains at the failure of the court to charge on homicide committed by the husband upon the person of anyone taken in the act of adultery with his wife, and there is no evidence in the record raising such issue, no error is shown.

4.—Same—Evidence—Impeaching Witness—Properly Excluded.

There was no error in refusing to permit the defendant to prove that two state witnesses, Zeddie Jones and Sam Jones, who were at the time of the trial husband and wife had previously lived in adultery together, it not being shown that any legal accusation of any kind had ever been filed against these parties.

ON REHEARING.

5.—Same—Bill of Exception—Qualification of Court—Controls.

Where appellant's bill of exception complaining that juror had been forced upon him after his peremptory challenges were exhausted is so qualified by the court as to leave it in doubt as to whether two additional

challenges granted by the court had also been exhausted, the bill shows no error.

**6.—Same—Evidence—Of Motive and Bias—Rule Stated.**

While it is well recognized that the motives which operate upon the mind of a witness can never be regarded as immaterial or collateral, proof of such motives and bias must be shown to have direct relations with either the defendant or the injured party.

Appeal from the District Court of Falls County. Tried below before the Hon. John Watson, Judge, sitting in exchange with the Hon. E. M. Dodson, Judge of the 82nd Judicial District.

Appeal from a conviction for manslaughter, penalty two years in the penitentiary.

A former appeal of this case is reported in 283 S. W. 940, where enough of the facts are stated to illustrate the points involved in this appeal.

*Nat Llewellyn* of Marlin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, manslaughter, punishment two years confinement in the penitentiary.

A former appeal of this case is reported in 283 S. W. 840, where enough of the facts are stated to illustrate the points involved in this appeal.

By bills of exception Nos. 1, 2 and 3 complaint is made of the action of the court in overruling appellant's challenge for cause to three of the jurors in the panel. Neither of the first two of these jurors appear to have been forced on appellant. The court qualifies bill No. 3 pertaining to third juror as follows: "After counsel for defendant had exhausted his fifteen peremptory challenges, the court informed him that he would allow him two additional challenges, and counsel for defendant was allowed seventeen peremptory challenges." It is not clearly shown that appellant hadn't these extra challenges unused when the third undesirable juror was taken. Under these circumstances there could have been no error in the court's action.

Where the bill of exception fails to show defendant exhausted his peremptory challenges, the alleged error in overruling his challenge to an objectionable juror cannot be revised on appeal. Tuttle v. State, 6 Tex. Crim. App. 560. Branch's P. C., p. 278, Mr. Branch states the rule as follows:

"A judgment of conviction will be reversed on appeal if it is shown by a proper bill of exceptions (1) that a good challenge for cause to a juror was erroneously overruled by the trial court, (2) that defendant exhausted his peremptory challenges, and (3) that one or more objectionable jurors sat in the case." Branch's P. C., Sec. 542.

Under this rule none of appellant's bills show error.

Complaint is made because the court in his charge failed to present the issue of justifiable homicide under the statute when committed by the husband upon the person of anyone taken in the act of adultery with his wife. This same question was before the court on a former appeal and we see no reason for changing the former ruling of this court thereon. The evidence does not appear to be materially different and in our opinion does not raise the issue.

Complaint is made in bills of exception Nos. 4, 5, and 7, the substance of which is that the court was in error in refusing to permit appellant to prove that Zeddie Jones and one Sam Jones, both material witnesses for the state, were living in adultery at the time of and prior to the killing in question. They were at the time of the trial husband and wife. No legal accusation of any kind is shown to have ever been filed against these parties and the court was correct in refusing to admit the evidence. "Proof or mere accusations against, or evidence of particular acts of misconduct is not admissible to affect the credibility of a witness." Branch's P. C., Sec. 168.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant thinks we may have overlooked a recital in his bill of exception No. 3 to the effect that he had exhausted his peremptory challenges. It was not overlooked, but considered in connection with the court's explanation appended to the bill it cannot be determined with certainty whether the two additional challenges allowed by the court were available to appellant when the matters complained of in bill of exception No. 3 arose. If the two additional challenges had been exhausted we see no reason whatever for the court's explanation.

Appellant renews his insistence that error is shown by bills four, five and six, his position being that the excluded evidence was admissible as tending to show bias in favor of deceased on the part of state's witnesses Zeddie Jones and Sam Jones. Appellant killed one Oliver at Jim Guy's house in July, 1924, at which time Sam Jones was working for and living with Jim Guy and his wife Zeddie. About a year after the killing Zeddie left home with Sam Jones. She procured a divorce and married Sam. It appears from the bills of exception mentioned that appellant sought to prove facts which he claims would show that at the time of the killing Sam and Zeddie were having improper sexual relations with each other and knew that deceased and appellant's wife were meeting at Zeddie's house for the purpose of indulging in like conduct, and therefore appellant concludes that Sam and Zeddie would be biased in favor of deceased. It is impracticable to set out all the excluded evidence of which appellant complains, but it may be questioned whether such evidence if admitted would have shown that Zeddie and Sam were having adulterous relations at the time of the killing. Recognizing the principle that the motives which operate upon the mind of a witness can never be regarded as immaterial or collateral (Branch's Ann. Tex. P. C., Sec. 163), yet we cannot agree that the facts of the present case, or the matters recited in the bills of exception now under discussion, call for the application of such principle. Crist v. State, 21 Tex. Crim. App. 361, Sexton v. State, 48 Tex. Crim. Rep. 497, 88 S. W. 348, to which we are referred by appellant reveal that in each instance the witness claimed to have been biased was shown to have direct relations with either the defendant or the injured party. This is not true in the present case.

The motion for rehearing is overruled.

*Overruled.*